UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-2097

FARAHNAZ NOURNIA ABOOZAR,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A76-415-634)

Submitted: December 20, 2004        Decided: January 14, 2005

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

John S. Richbourg, Memphis, Tennessee, for Petitioner. Peter D. Keisler, Assistant Attorney General, Mark C. Walters, Assistant Director, R. Lynne Harris, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Farahnaz Nournia Aboozar, a native and citizen of Iran, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's denial of her applications for asylum, withholding of removal, and cancellation of removal.

In her petition for review, Aboozar contends that she established her eligibility for asylum relief. The record reveals, however, that the immigration judge denied asylum relief on the grounds that (1) Aboozar failed to file her application within one year of the date of her arrival in the United States, see 8 U.S.C. § 1158(a)(2)(B) (2000), and (2) Aboozar failed to establish any "changed" or "extraordinary" circumstances that would excuse her late filing, 8 U.S.C. § 1158(a)(2)(D) (2000). We conclude that we lack jurisdiction to review these determinations pursuant to 8 U.S.C. § 1158(a)(3) (2000). See Zaidi v. Ashcroft, 377 F.3d 678, 680-81 (7th Cir. 2004) (collecting cases). Given this jurisdictional bar, we cannot review the underlying merits of Aboozar's asylum claim.

While we lack jurisdiction to consider the immigration judge's denial of Aboozar's asylum claim, we retain jurisdiction to consider the denial of her request for withholding of removal. See 8 C.F.R. § 1208.4(a) (2004). "To qualify for withholding of removal, a petitioner must show that [s]he faces a clear

probability of persecution because of h[er] race, religion, nationality, membership in a particular social group, or political opinion." Rusu v. INS, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing INS v. Stevic, 467 U.S. 407, 430 (1984)). Based on our review of the record, we find that Aboozar has failed to meet this standard.

Finally, Aboozar challenges the immigration judge's finding that she failed to qualify for cancellation of removal because she did not establish that her removal would result in "exceptional and extremely unusual hardship" to her parents, who are lawful permanent residents of the United States. See 8 U.S.C.A. § 1229b(b)(1) (West Supp. 2004). Because the immigration judge's hardship determination is discretionary in nature, we lack jurisdiction to consider this claim. See 8 U.S.C. § 1252(a)(2)(B)(i) (2000); Mendez-Moranchel v. Ashcroft, 338 F.3d 176, 179 (3d Cir. 2003); Romero-Torres v. Ashcroft, 327 F.3d 887, 888 (9th Cir. 2003). Accordingly, we deny Aboozar's petition for review.[*] We dispense with oral argument because the facts and

---

[*]We find that Aboozar's claim that former counsel rendered ineffective assistance is waived on the ground that she failed to present this claim before the Board. See Farrokhi v. INS, 900 F.2d 697, 700 (4th Cir. 1990) ("[A]n alien who has failed to raise claims during an appeal to the [Board] has waived his right to raise those claims before a federal court on appeal of the [Board]'s decision."). Additionally, Aboozar attempts to raise a claim for protection under the Convention Against Torture. We find that this claim is also waived as she failed to seek such relief before the immigration judge.

- 3 -

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>